Douglas BROWN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 03–74071.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2006.

Filed June 26, 2006.

692

Tim Everett, Esq., Law Office of Tim Everett, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Esq., Thankful T. Vanderstar, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

Before: THOMAS and GOULD, Circuit Judges, and SCHWARZER,* District Judge.

## MEMORANDUM **

Douglas Brown, a native and citizen of Sierra Leone, petitions for review of the Board of Immigration Appeals' ("BIA's") decision that he is ineligible for asylum or other relief because he has no well-founded fear of persecution on account of his open association with members of the Revolutionary United Front ("RUF") in actions hostile to the government of Sierra Leone. Because Brown's credible testimony compels a finding of at least a reasonable probability of persecution, we grant the petition in part and remand. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

Where the BIA reviews the immigration judge's decision *de novo* and issues its own decision, as here, our review is limited to the BIA's decision, except to the extent that it expressly adopts the IJ's opinion. *Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir.2000). Because the BIA found Brown credible, we take his testimony as true. *Navas v. INS*, 217 F.3d 646, 652 n. 3 (9th Cir.2000).

Brown's fear of future persecution supports his asylum claim if it is both subjectively genuine and objectively reasonable. *See* 8 U.S.C. § 1101(a)(42)(A); 8 U.S.C. § 1158(b); *Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998) (requiring "credible, direct, and specific evidence" that a reasonable person would have such a fear). The BIA found that Brown's fear of imprisonment, torture or summary execution by Sierra Leonean soldiers was not an objectively

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

reasonable fear of persecution, because he feared only legitimate criminal prosecution.

"[E]ven a ten percent chance of persecution may establish a well-founded fear," and "[t]he reasonableness of [Brown's] fear must be determined in the political, social and cultural milieu" of Sierra Leone. *See Mamouzian v. Ashcroft*, 390 F.3d 1129, 1135–36 (9th Cir.2004). Also, "[p]ersecutory conduct may have more than one motive, and so long as one motive is one of the statutorily enumerated grounds, the requirements have been satisfied." *Singh v. Ilchert*, 63 F.3d 1501, 1509 (9th Cir. 1995). On these principles, the record compels a finding that Brown is eligible for asylum, because it shows that a reasonable person in Brown's position would find that "persecution is a 'reasonable possibility.' " *Melkonian v. Ashcroft*, 320 F.3d 1061, 1069 (9th Cir.2003).

The "political, social and cultural milieu" of Sierra Leone in 2000, as reflected in the record, strongly supports Brown's fear of persecution as a suspected rebel supporter. The undisputed evidence shows that pro-government forces arbitrarily detain and torture or summarily execute suspected rebels or rebel sympathizers, including those connected to the RUF. This directly supports Brown's account of his own experiences and fears. The record also reflects other widespread abuses—including rape, forced recruitment of child combatants, and mutilation—that, while not directly relevant, reveal a broader breakdown in the social order consistent with the specific, more clearly political harms Brown fears.

The record compels a finding that the abuse Brown feared would be "motivated, at least in part, by an actual or implied protected ground." *Borja v. INS*, 175 F.3d 732, 736 (9th Cir.1999) (en banc). The BIA's finding to the contrary did not adequately consider that "persecutory con-

duct may have more than one motive," *Singh*, 63 F.3d at 1509, and disregarded relevant portions of Brown's credible testimony. For example, Brown testified that soldiers who came to his village following his illegal attempt to release his friends from the soldiers' custody (which the record shows was politically based and feared to include abuse or torture, if not summary execution) were seeking any and all "supporters of the RUF," not merely those who might be implicated in illegal activity. The soldiers killed two people in their sweep for RUF supporters, one of whom had no connection with the illegal conduct. While Brown's testimony might have been more explicit, it makes clear that the soldiers sought to round up all suspected RUF supporters in the village, regardless of their involvement in illegal activity, and that he was included in that group.

Also, although the soldiers' sweep was likely triggered by the illegal release attempt, Brown clearly feared he would be subjected to disproportionately severe, extrajudicial "punishment" because of his suspected political sympathies. Especially in the context of the dismal human rights situation in Sierra Leone, no reasonable fact-finder would conclude from Brown's testimony that the soldiers were simply conducting an ordinary arrest that would lead to an ordinary prosecution. Even where a legitimate ground for prosecution exists, politically-motivated, disproportionately severe or extrajudicial punishment constitutes persecution. *Ramirez Rivas v. INS*, 899 F.2d 864, 867–68 (9th Cir.1990).

Brown also challenges the BIA's denial of withholding of removal. Although Brown has plainly shown a reasonable possibility that he would be persecuted on political grounds in Sierra Leone, the record does not compel a finding that such persecution is more likely than not. *See Singh v. Gonzales*, 439 F.3d 1100, 1113

(9th Cir.2006) (requiring "clear probability" of persecution). Brown has also not shown any due process violation. *See Melkonian*, 320 F.3d at 1072. We deny the petition as to these claims.

Because the record compels a finding that Brown has a well-founded fear of persecution in Sierra Leone, we grant the petition for review as to Brown's asylum claim and remand for further proceedings.

**PETITION GRANTED IN PART; DENIED IN PART.**

---

* The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.